106 So.2d 644

Howley B. VANN

v.

Corey V. VANN et al.

4 Div. 957.

Supreme Court of Alabama.

Nov. 20, 1958.

L. A. Farmer, Dothan, for appellant.

Lee & McInish, Dothan, for appellees.

STAKELY, Justice.

This is a bill filed by Howley B. Vann (appellant) against Corey V. Vann (appellee) et al., for the sale for division of about forty acres of land situated in Houston County, Alabama, on the ground that the real estate cannot be equitably divided or partitioned among the joint owners or tenants in common without a sale thereof.

The allegations of the bill show that Howley B. Vann is the owner of an undivided ¾th interest in the property and Corey V. Vann is the owner of an undivided ¼th interest in the property. The allegations of the bill further show that Glenn E. Silcox, Pharoah Silcox, Lettie V. Inez Silcox and Helen Mozell Silcox claim to own some right, title or interest in the real estate and are made parties in order that they may come into court and assert whatever right, title or interest, if any, they have.

An answer was filed by Pharoah Silcox and Lettie V. Inez Silcox. The allegations of this answer show that Rosa Turner, a widow, conveyed the land involved in this suit to Pharoah Silcox by warranty deed under date of September 4, 1940, which deed was filed for record in the office of the Judge of Probate of Houston County, Alabama, on September 5, 1940, and that since said date Pharoah Silcox has been in the open, notorious and adverse possession of the property, claiming to own the property under the aforesaid deed and further that since said time Pharoah Silcox has annually listed the land for taxes in Houston County, Alabama, and paid the same. The allegations of the answer further show that the complainant Howley B. Vann and Corey V. Vann have no right, title or interest whatsoever in the aforesaid real estate but on the contrary that Pharoah Silcox claims and asserts an absolute fee simple title to the property.

Decrees pro confesso were rendered against Corey V. Vann, Helen Mozell Silcox and Glenn E. Silcox.

The case was submitted for final decree and on November 20, 1957, the court rendered a final decree in the instant case holding that Howley B. Vann "has no right, title or interest in the property described in the bill of complaint * * * and that he is not entitled to the relief as prayed." The court further ordered that the bill of complaint in this cause "be and the same is hereby dismissed." This appeal followed.

Under the undisputed evidence in the case there are two bases on either one of which the court was correct in holding that Howley B. Vann had no right, title or interest in the property described in the bill of complaint and that he was not entitled to the relief prayed and on either one of which the court correctly dismissed the bill of complaint.

(a). On June 2, 1926, Rosa Turner owned and was in possession of the land involved in this suit. On that date she and her husband, W. H. Turner, executed a deed purporting to convey the land described in the deed to Dora Vann (who was her sister), during her natural life and at her death to her two children, Howley B. Vann and Vander Vann. On September 2, 1927, Rosa Turner filed her bill of complaint in the Circuit Court of Houston County, in Equity, to have the aforesaid deed set aside and to direct the register to enter on the record in the office of the Probate Judge of Houston County, Alabama, a notation, where the aforesaid deed was recorded, that the said deed had been cancelled by the Circuit Court of Houston County, in Equity. A guardian ad litem was appointed for Howley B. Vann and

his brother Vander Vann, who were minors at that time.

Testimony was taken ore tenus in the aforesaid case and on June 22, 1928, the Circuit Court of Houston County, in Equity, rendered a decree which, in brief, stated that the case had been submitted to the court by the parties for final decree and that upon a consideration thereof, the court was of the opinion that the complainant was entitled to the relief as prayed. The court further ordered, adjudged and decreed that the record of the deed referred to in the bill of complaint purporting to have been executed by Rosa Turner and W. H. Turner, her husband, to Dora Vann and her children, as it appears of record in the office of the Judge of Probate of Houston County, Alabama, be and the same is hereby cancelled. The register of the equity court was thereupon ordered to enter on the margin of the record of said alleged deed in the office of the Judge of Probate of Houston County, a notation to the effect that the deed had been cancelled by decree of the Circuit Court of Houston County, in Equity, on June 22, 1928.

■ We wish to make it clear at the outset that the court in its decree of June 22, 1928, had jurisdiction to cancel the deed purporting to have been executed by Rosa Turner to Dora Vann and her children. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

■ Upon consideration of the decree of the court of June 22, 1928, and the context in which it appears, we are clear to the conclusion that the deed purporting to have been executed by Rosa Turner and her husband to Dora Vann and her children, was cancelled. The fact that the court ordered notation of the cancellation to be made where the deed was recorded in the office of the Judge of Probate of Houston County, Alabama, was obviously in accord with the usual practice of ordering such a notation for the protection of innocent purchasers.

(b). The foregoing proposition is the only proposition argued in brief by the appellant, but there is one other basis on which the court correctly held that Howley B. Vann had no interest in the property and that his bill should be dismissed. The testimony of Howley B. Vann, the complainant, shows that he never has had possession of the property which he now claims, nor has his mother, Dora Vann, ever had such possession; that in 1940 after the decree of cancellation was entered by the Circuit Court of Houston County, in Equity, according to the testimony of Pharoah Silcox, Rosa Turner still had possession of the property and retained possession of the property until she made two deeds to Pharoah Silcox, conveying the property to Pharoah Silcox. Since that time, according to the undisputed testimony, Pharoah Silcox has been in the open, notorious and exclusive possession of the property claiming to own the property as his own and assessing and paying the taxes thereon. The undisputed testimony further shows that Pharoah Silcox went into possession of the property in 1940, fenced the land, built a house and barn thereon and has cultivated the land since that time, except for one year when he went to Florida and rented the land out. No other person has ever made any claim to the property until the present suit was filed by Howley B. Vann.

■ The proof which we have outlined in substance shows without controversy that Pharoah Silcox has had title to the property since 1940 (§ 828, Title 7, Code of 1940), and the court was entirely justified in holding that Howley B. Vann, the complainant, has no right, title or interest in the property and that the bill should be dismissed.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.